Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX ORTEGA AND SIOBHAN SHANAHAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESNO CREDIT BUREAU,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.]<br>2. FAIR DEBT COLLECTION Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*..]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs ALEX ORTEGA AND SIOBHAN SHANAHAN ("hereinafter collectively Plaintiffs"), on behalf of themselves and all others similarly situated, alleges the following against Defendant FRESNO CREDIT BUREAU upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiffs' Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiffs, on behalf of themselves and all others similarly situated, bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant debiting Plaintiffs' and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiffs' and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

3. In addition to Plaintiffs' Class Claims, Plaintiffs also bring an action for damages as individual consumers for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

///

## JURISDICTION & VENUE

4. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

5. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

6. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant does or transacts business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiffs are are "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS-EFTA

10. In or around September of 2014, Defendant began contacting Plaintiffs in attempt to collect a medical debt Plaintiff Siobhan Shanahan owed to a hospital.

11. Plaintiff Alex Ortega spoke with Defendant on the phone and set up a payment plan without Plaintiff Siobhan Shanahan's authorization.

12. Plaintiff Siobhan Shanahan then called Defendant to try to pay off the debt and find out the amount she owed. She also said she would like the debt taken off her credit report once paid in full.

13. Defendant would not allow Plaintiff Siobhan Shanahan to pay the debt in full and would not tell her the amount she owed.  Defendant also stated that it would be up to the hospital to take the mark off of Plaintiff Siobhan Shanahan's credit report.  The hospital, however, told Plaintiff Siobhan Shanahan that Defendant had the power to remove the debt from her credit report.

14. During phone conversations, and at Defendant's urging, Plaintiff Siobhan Shanahan agreed orally to allow Defendant to electronically draw a fixed sum biweekly out of her checking account towards resolution of the outstanding debt, until further notice.

15. Defendant did not provide to Plaintiffs, nor did Plaintiffs execute,

**CLASS ACTION COMPLAINT**
-4-

any written or electronic writing memorializing or authorizing the recurring or automatic payments.

16.     Plaintiffs did not provide Defendant either with a written or an electronic signature authorizing the recurring or automatic payments.

17.     Defendant has not been sticking to the biweekly schedule Plaintiff Siobhan Shanahan agreed to, as some payments have been withdrawn only ten days apart from one another.  When Plaintiff Siobhan Shanahan contacted Defendant to request the payment schedule, Defendant hung up on her.

18.     Since September of 2014, Defendant has withdrawn $2750.00 from Plaintiff Siobhan Shanahan's checking account.

19.     Because of the foregoing, Plaintiff Siobhan Shanahan has continued to have the unauthorized amounts electronically drawn from her personal checking account, has repeatedly been placed in jeopardy of incurring overdraft penalties and fees with her bank, and has risked adverse entries on her credit report and financial history as a result of Defendant's unauthorized acts.

## **FACTUAL ALLEGATIONS-FDCPA**

20.     In addition to the facts pled above, at various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt.

21.     Defendant has refused to give Plaintiff Siobhan Shanahan

information regarding both accounts under its collection even after she has disclosed that she was unaware of two accounts.

22. Due to the aforementioned conduct, Defendant has used false and deceptive practices in connection with attempts to collect an alleged debt owed from Plaintiff Siobhan Shanahan, which is prohibited by federal law.

23. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt, (§ 1692e(2)(A));

b) Using false, deceptive, or misleading representations or means in connection with collection of a debt (§ 1692e));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

e) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1)); and

f) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1).

24. As a result of the above violations of the FDCPA, Plaintiff Siobhan Shanahan suffered and continues to suffer injury to PLAINTIFF'S feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and DEFENDANT is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

## CLASS ALLEGATIONS

25. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

26. Plaintiffs represent, and are members of, The Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

27. Defendant, its employees, and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

28. The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class

members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Class includes thousands of members.  Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendant.

29.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

30.     There are questions of law and fact common to the Class affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a.     The members of the Class entered into oral agreements with Defendant to have automatic, or recurring, electronic payments drawn from their personal accounts to be paid to Defendant towards settlement of the Class members' outstanding accounts with Defendant.

    b.     The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

  c. Defendant did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

  d. The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

  e. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendant took unauthorized payments from Class members' accounts.

  f. The unauthorized payments taken by Defendant frequently subjected Class members to non-sufficient funds ("NSF") fees, penalties, and other charges to be incurred by the Class members at their respective financial and banking institutions, as well as negative reporting to Class members' credit histories, with serious adverse consequences to the Class members' credit-worthiness.

31. As persons whose bank accounts were debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiffs are asserting claims that are typical of The Class.

32. Plaintiffs will fairly and adequately protect the interests of the members

of The Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

33.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

34.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

35.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to

the members of the Class as a whole.

36.  Defendant failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

37.  Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

38.  Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

39.  Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

40.  Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and

the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

41. In multiple instances, Defendant debited bank accounts of the Class members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

42. In multiple instances, Defendant debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

43. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds, if not thousands, of individuals and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

44. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiffs will fairly and adequately protect the interests of the Class and Plaintiffs has hired counsel able and experienced in class action litigation.

45. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

46. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

47. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

48. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## FIRST CAUSE OF ACTION
**Violations of the Electronic Funds Transfer Act**
**15 U.S.C. §1693 et seq.**

49. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a

"preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

50. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

51. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

52. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

53. In multiple instances, Defendant has debited Plaintiffs' and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized

electronic fund transfers from Plaintiffs' and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

54. In multiple instances, Defendant has debited Plaintiffs' and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiffs or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## SECOND CAUSE OF ACTION

**Violations of the federal Fair Debt Collection Practices Act**
**15 U.S.C. § 1692 et seq.**

55. Plaintiffs repeat and reincorporate by reference into this cause of action allegations set forth above at paragraphs 1-54.

56. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

1. That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representative of The Class;

2. Statutory damages of $1,000.00, per Class Member, pursuant to the

Electronic Fund Transfer Act, §916(a)(2)(A);

3. Actual damages;

4. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

5. For prejudgment interest at the legal rate; and

6. Any other relief this Honorable Court deems appropriate.

## **TRIAL BY JURY**

57.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully Submitted this 13th day of July, 2015.

          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

          By:   /s/ Todd M. Friedman
                Todd M. Friedman
                Law Offices of Todd M. Friedman
                Attorney for Plaintiffs